IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

HECTOR CARRILLO,
    Plaintiff,

v.                                                    Cause No.    **3:23-cv-241**

C&E INDUSTRIAL SERVICES, INC.
    (Texas Corporation), and
C&E INDUSTRIAL SERVICES, INC.
    (New Mexico Corporation),
        Defendants.

## PLAINTIFF'S ORIGINAL COMPLAINT WITH JURY DEMAND

TO THE HONORABLE COURT:

    Plaintiff, Hector Carrillo ("Employee Carrillo" or "Plaintiff"), now complains of Defendants, C&E Industrial Services, Inc. (Texas Corporation) and C&E Industrial Services, Inc. (New Mexico Corporation) (collectively "Employer C&E Industrial" or "Defendants"), and respectfully shows the Court and jury as follows:

### I. PARTIES.

1. Plaintiff Hector Carrillo is a natural person residing in El Paso, Texas.

2. Defendant, C&E Industrial Services, Inc., is a domestic for-profit corporation organized and existing under the laws of the State of Texas, whose principal office is located at 103 Maguey Ct., Sunland Park, New Mexico 88063, and may be served with process by serving its registered agent, Estella V. Hernandez, at 3350 Doniphan, El Paso, Texas 79922, or wherever she may be found.

3. Defendant, C&E Industrial Services, Inc., is a foreign for-profit corporation organized and existing under the laws of the State of New Mexico, whose principal office is located at P.O. Box 221437, El Paso, Texas 79913, and may be served with process by serving its registered

agent, Steven J. Blanco, at Blanco Ordonez & Wallace, P.C., 5715 Cromo Dr., El Paso, Texas 79912, or wherever he may be found.

## II. JURISDICTION.

4. Jurisdiction is proper in this Honorable Court based on federal question jurisdiction.

## III. FACTS OF THE CASE.

5. Employers MUST, under the Family and Medical Leave Act, prevent discrimination against employees who take job-protected medical leave for their own serious health condition to protect employees, like all of us, from financial injuries and emotional traumas.

6. Employers MUST, under the Family and Medical Leave Act provide **required notice** that the Employee's leave will be counted as FMLA leave, meaning that such leave will count against the annual 12 weeks of leave protected by the FMLA.

7. Employers MUST, under the Family and Medical Leave Act, return employees to the same or an equivalent position they held upon returning from medical leave to protect employees from financial injuries and emotional traumas.

8. Employers MUST, under the Family and Medical Leave Act, prevent retaliatory job terminations against employees who take job-protected medical leave for their own serious health condition and protect employees, like all of us, from financial injuries and emotional trauma.

9. C&E Industrial Services, Inc. (Texas Corporation) and C&E Industrial Services, Inc. (New Mexico Corporation) are employers.

10. Employer C&E Industrial MUST, under the Family and Medical Leave Act, prevent discrimination against employees who take job-protected medical leave for their own serious

health condition to protect employees, like all of us, from financial injuries and emotional traumas.

11. Employer C&E Industrial MUST, under the Family and Medical Leave Act provide **required notice** that the Employee's leave will be counted as FMLA leave, meaning that such leave will count against the annual 12 weeks of leave protected by the FMLA.

12. Employer C&E Industrial MUST, under the Family and Medical Leave Act, return employees to the same or an equivalent position they held upon returning from medical leave to protect employees from financial injuries and emotional traumas.

13. Employer C&E Industrial MUST, under the Family and Medical Leave Act, prevent retaliatory job terminations against employees who take job-protected medical leave for their own serious health condition and protect employees, like all of us, from financial injuries and emotional trauma.

14. On or about January 17, 2011, C&E Industrial Services, Inc. (Texas Corporation) and C&E Industrial Services, Inc. (New Mexico Corporation) jointly hire an Employee for the position of Mechanic Insulator and Scaffolding.

15. Employer C&E Industrial assigns the Employee to work in Sunland Park, New Mexico and El Paso, Texas.

16. On or about November 12, 2021, Employer C&E Industrial receives notice due to the Employee's report that the Employee injured his shoulder on-the-job while working for Employer C&E Industrial. Specifically, Employer C&E Industrial receives notice, due to the Employee's report, that the Employee suffers a serious medical condition as a result of the on-the-job-injury, including a complete tear of his right rotator cuff, a labral tear of his right biceps tendon, and shoulder impingement syndrome.

17. On or about November 12, 2021, Employer C&E Industrial receives the Employee's request for medical leave due to the Employee's own serious medical condition -- a complete tear of his right rotator cuff, a labral tear of his right biceps tendon, and shoulder impingement syndrome.

18. Employer C&E Industrial then fails or refuses to provide required written notice, in accordance with the FMLA, that the Employee's sick leave will be counted as FMLA leave, meaning that such leave will count against the annual 12 weeks of leave protected by the FMLA.

19. On or about January 2022, Employer C&E Industrial receives the Employee's request for medical leave in order to undergo, and recover from, surgery to treat the Employee's own serious medical condition.

20. Employer C&E Industrial then again fails or refuses to provide required written notice, in accordance with the FMLA, that the Employee's sick leave will be counted as FMLA leave, meaning that such leave will count against the annual 12 weeks of leave protected by the FMLA.

21. On or about January 2023, Employee returns to work when Employer C&E Industrial receives notice from the Employee that the Employee has been released to work without restrictions.

22. On January 25, 2023, instead of returning the Employee to the same or equivalent position he held before going on medical leave due to his own serious health condition, and instead of providing the Employee with protected medical leave and the leave-protection benefits/entitlements of the FMLA, Employer C&E Industrial Human Resources Manager Linda

Chavez tells the Employee over the phone that Employer C&E Industrial terminated the Employee "a long time ago".

23. That Employee is Hector Carrillo.

## IV. CAUSES OF ACTION.

<u>Family & Medical Leave Act</u>

24. Employee Carrillo was an eligible employee as defined by 29 U.S.C. §2611 of the FMLA because Employee Carrillo worked for Employer C&E Industrial for at least 12 months and for at least 1250 hours of service during the previous 12-month period before Employee Carrillo first took and or requested FMLA leave.

25. Employee Carrillo was also an "individual" (as distinct from an "eligible employee") entitled to be free from discrimination and retaliation as set out in 29 U.S.C. §2615(a)(2),(b).

26. C&E Industrial Services, Inc. (Texas Corporation) is a "person" under the FMLA.

27. C&E Industrial Services, Inc. (New Mexico Corporation) is a "person" under the FMLA.

28. Employer C&E Industrial violated the FMLA with respect to Employee Carrillo in the following and other respects:

    a. Employer C&E Industrial fired Employee Carrillo on or about January 25, 2023, without providing him the leave entitlement and benefits guaranteed by the FMLA because of his own serious health condition;

    b. Employer C&E Industrial willfully interfered with, restrained or denied Employee Carrillo's exercise or Employee Carrillo's attempts to exercise his rights provided by the FMLA on and before January 25, 2023; and

    c. Employer C&E Industrial discriminated and or otherwise retaliated against Employee Carrillo in violation of the FMLA.

## V. DAMAGES.

29. As a direct and proximate result of Defendants' retaliation and conduct against Plaintiff as described above, Plaintiff has suffered harms and losses. Plaintiff seeks back pay, front pay, and/or lost wages and benefits in the past and future.

## VI. JURY DEMAND.

30. Plaintiff requests that this case be decided by a jury as allowed by Federal Rule of Civil Procedure 38.

## VII. ATTORNEYS' FEES AND COSTS.

31. Plaintiff is entitled to recover reasonable and necessary attorneys' fees and costs under the FMLA. 29 U.S.C. §2617(a)(3).

## VIII. PRAYER.

For these reasons, Plaintiff asks that Defendants be cited to appear and answer and that Plaintiff have judgment against Defendants, jointly and severally, for the following: actual damages over $200,000.00 but not more than $1,000,000.00, including, but not limited to, pain and suffering, bodily injury, mental anguish, impairment, inconvenience, loss of enjoyment of life, benefits, loss of earning capacity, punitive damages, pre-judgment and post-judgment interest as allowed by law, costs of suit, and such other and further relief to which Plaintiff may be justly entitled in law and in equity. Such damages sought by Plaintiff are within the jurisdictional limits of the court.

**SIGNED** this 22nd day of June 2023.

Respectfully submitted,

**CHAVEZ LAW FIRM**
2101 Stanton Street
El Paso, Texas 79902
(915) 351-7772

By: _/s/ Enrique Chavez, Jr._
Enrique Chavez, Jr.
State Bar No.: 24001873
enriquechavezjr@chavezlawpc.com
Michael R. Anderson
State Bar No.: 24087103
manderson@chavezlawpc.com
*Attorneys for Plaintiff*